# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 23, 2017

v

JOHNNY EARL MARION,

Defendant-Appellant.

No. 330580
Wayne Circuit Court
LC No. 15-006014-01-FH

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm during the commission of a felony ("felony-firearm"), second offense, MCL 750.227b, felon in possession of a firearm ("felon-in-possession"), MCL 750.224f, felonious assault, MCL 750.82, and assault and battery, MCL 750.81. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to five years' imprisonment for his felony-firearm conviction, 1 to 15 years' imprisonment for his felon-in-possession conviction, 1 to 15 years' imprisonment for his felonious assault conviction, and 93 days in jail for his assault and battery conviction. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from the assault of Candace Walker on July 4, 2015. Walker was at the home of defendant's sister that evening, and an argument erupted between her and defendant. After the argument escalated, Walker went inside a bathroom, anticipating that her absence would defuse the situation and decrease defendant's hostility toward her. However, when she came out, defendant was blocking the doorway and "trying to intimidate [her] . . . ." Walker pushed defendant in the chest, and defendant slapped her face. Walker then grabbed her keys and left the house. Defendant followed her as she walked toward her car and entered the vehicle. When defendant was about two steps away from the car's door handle, Walker pepper-sprayed him through the passenger-side window. After that, she saw defendant insert his hand into his pocket and then hold up an object. She heard "a loud pop," testifying at trial that there was "a shot in the air." Walker drove away from the house and called 911. Eventually, defendant was arrested by police.

-1-

At trial, defendant acknowledged the altercation between himself and Walker, but denied taking a weapon out of his pocket and shooting it in the air. Additionally, he testified that fireworks were going off in the neighborhood before and after his altercation with Walker.

During defendant's arraignment, the trial court asked him if he understood that he would be subject to "a mandatory five year penalty" if he were found guilty of felony-firearm, second offense. Defendant responded, "Yes, ma'am." Near the end of the hearing, the trial court provided an overview of the process for submitting a letter to the Wayne County Gun Board ("Gun Board") in light of the fact that this case involved a gun. The trial court informed defendant that submitting a letter to the Gun Board would result in a determination of whether his gun-related charges could be "altered[] or reduced in any way," or whether a plea agreement could be "offered with regard to the gun charge." The trial court also asked whether the prosecution had offered a plea agreement to defendant. The prosecutor responded that if defendant pleaded guilty to felony-firearm, second offense, and felonious assault, the prosecution would dismiss the remaining charges as well as the habitual offender notice. Defense counsel confirmed that defendant was not interested in accepting the prosecution's offered plea agreement at that time.

During a final conference held before trial, the court asked the prosecution once again if a plea agreement had been offered to defendant. The prosecutor answered affirmatively and explained that defense counsel had written a letter to the Gun Board requesting relief for defendant. The prosecutor then stated the terms of a revised plea agreement: if defendant pleaded guilty to felonious assault and felon-in-possession, the prosecution would (1) dismiss the remaining charges of felony-firearm and assault and battery and (2) request a "sentence agreement of [3] to 15 years['] " imprisonment. The trial court asked defense counsel if that was the offer defendant had received from the Gun Board. Defense counsel confirmed that the prosecution's statement of the offer was correct, and that he had conveyed the offer to defendant. Defense counsel then stated that he believed that defendant had rejected the offer and asked defendant if that was correct. Defendant replied, "Yes." The trial court then asked defendant, "You do not wish to accept that offer; is that correct, sir?" Defendant again replied, "Yes, ma'am."

After a bench trial, the trial court found defendant guilty on all counts. During sentencing, defense counsel noted that defendant was first convicted of felony-firearm when he was 16 years old and was sentenced as a juvenile even though he was charged as an adult. Accordingly, defense counsel contended that defendant should not have been charged with felony-firearm, second offense. The trial court ruled that it would sentence defendant for felony-firearm, second offense, because the language of the applicable statute, MCL 750.227b, required the trial court to render an enhanced sentence for a defendant "[u]pon a second conviction under [the] subsection . . . ."

After filing a claim of appeal in this Court, defendant filed a motion to remand this case for a *Ginther*[1] hearing on his ineffective assistance of counsel claim. We granted defendant's

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

motion to remand.[2]  Following the posttrial evidentiary hearing, the trial court found that defendant had not been denied the effective assistance of counsel.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant argues that he was denied the effective assistance of counsel because (1) defense counsel failed to investigate defendant's juvenile felony-firearm conviction, and (2) defense counsel erroneously informed defendant before trial that he would not be sentenced to a mandatory term of five years' imprisonment if he were convicted of felony-firearm, second offense.  Defendant contends that he was prejudiced by defense counsel's errors, as they resulted in him rejecting the prosecution's offered plea agreement, and he claims that we should order the prosecution to reinstate the offered plea agreement.  We disagree.

## A.  STANDARD OF REVIEW

Ineffective assistance of counsel claims are mixed questions of law and fact.  *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015).  "A judge must first find the facts, then must decide whether those facts establish a violation of the defendant's constitutional right to the effective assistance of counsel."  *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011) (quotation marks and citation omitted).  We review the trial court's findings of fact for clear error and review questions of constitutional law *de novo*.  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake."  *Armstrong*, 490 Mich at 289.

## B.  ANALYSIS

"As at trial, a defendant is entitled to the effective assistance of counsel in the plea-bargaining process."  *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012).

> "A defendant seeking relief for ineffective assistance in this context must meet *Strickland's*[3] familiar two-pronged standard by showing (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "  [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163.]

When a defendant contends that trial counsel's ineffectiveness resulted in prejudice because the defendant rejected a plea offer and stood trial,

---

[2] *People v Marion*, unpublished order of the Court of Appeals, entered September 1, 2016 (Docket No. 330580).

[3] *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 164 (quotation marks omitted).]

"The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592. " '[R]egard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.' " *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended on other grounds 481 Mich 1201 (2008), quoting MCR 2.613(C) (alteration in original).

During the *Ginther* hearing, defendant testified that he had rejected the prosecution's offered plea agreement of 3 to 15 years' imprisonment because defense counsel indicated that defendant could not receive a mandatory term of five years' imprisonment if he were convicted of felony-firearm, second offense, because his first felony-firearm conviction resulted in a juvenile sentence and not incarceration. Defendant stated that he discussed the prospect of a five-year mandatory sentence with defense counsel at least two or three times. Based on their conversations, he rejected the prosecution's offer because the prosecution "was offering me the same thing that [defense counsel] was telling me that I can only get anyway." However, later in his testimony, defendant stated that defense counsel never told him that the five-year mandatory sentence does not apply to him. Defendant also acknowledged that he did not mention the advice that he had received from defense counsel in the letter that he wrote to the trial court prior to sentencing, in which he asked the court not to apply the mandatory five-year sentence to him. He explained that he "really didn't even think about it at the time when [he] was writing the letter."

On the other hand, defense counsel repeatedly testified during the *Ginther* hearing that he first learned on the day of defendant's sentencing that defendant was a juvenile when he was initially convicted of felony-firearm. As a result, defense counsel argued at sentencing that defendant may not be eligible for an enhanced five-year sentence for his felony-firearm, second offense, conviction. Defense counsel testified that it was clear to him before trial that defendant would serve a mandatory five-year sentence if he were convicted of felony-firearm and that he expressly informed defendant of that fact. Defense counsel also stated that defendant only expressed doubt or confusion about whether he was eligible for the mandatory five-year sentence on the day of his sentencing, and counsel confirmed that defendant never asked him any questions regarding whether he was eligible for the enhancement before that point in the proceedings.

Ultimately, the trial court found that defendant was not denied the effective assistance of counsel because defense counsel's performance was not unreasonable. The court credited defense counsel's testimony and found incredible defendant's testimony that he discussed this issue with defense counsel early in the case. Likewise, the court found credible defense counsel's testimony that this issue did not come up until defendant's sentencing. The court

-4-

reasoned, "If this was an issue at the time that the letter was going to the Gun Board, then [defense counsel] would have raised that in his Gun Board letter." The court also stated, "I think if it was an issue . . . at the [arraignment on the information], . . . defense counsel would have been saying, well, this was an issue, you know, [j]udge, we're not sure this felony firearm – second applies." In addition, the trial court noted that defendant did not state in his letter to the court that defense counsel told him that he only could receive a sentence of two years' imprisonment for his felony-firearm conviction. In sum, the trial court found that defense counsel's advice was not objectively unreasonable, explaining, "I don't believe that [defense counsel] had notice or knowledge of this at the time that [defendant] was deciding to reject the plea offer and go forward."

The trial court's factual findings are not clearly erroneous, especially given its credibility determinations, and its findings plainly support its conclusion that defense counsel's plea-related advice did not fall below an objective standard of reasonableness. See *Douglas*, 496 Mich at 592; *Trakhtenberg*, 493 Mich at 47 Again, we must give regard " 'to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it.' " *Dendel*, 481 Mich at 130, quoting MCR 2.613(C). Crediting defense counsel's testimony, it is clear that defense counsel informed defendant during the pretrial stage of the proceedings that he would face a mandatory five-year sentence if he were convicted of felony-firearm.[4]

Nevertheless, even if we assume, arguendo, that defense counsel's performance fell below an objective standard of reasonableness, defendant failed to demonstrate the requisite prejudice. See *Douglas*, 496 Mich at 592. Again, in order to show that he was prejudiced by defense counsel's ineffective assistance concerning the plea offer, defendant must show a reasonable probability that he "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances . . . ." *Id.*, quoting *Lafler*, 566 US at 164 (quotation marks omitted).

Most significantly, defendant continuously claimed that he was innocent throughout the pendency of this case. During the *Ginther* hearing, defendant repeatedly asserted that he was innocent, confirming that he did not have a gun on the night of the incident, stating that he "[does]n't mess with guns anyway," and confirming his earlier belief that he was falsely accused.

---

[4] As previously mentioned, defendant contends on appeal that defense counsel was ineffective for failing to investigate his prior juvenile conviction of felony-firearm, as such an investigation could have cured defendant's misperception that he only faced a mandatory term of two years' imprisonment upon conviction of felony-firearm. Defense counsel acknowledged at the *Ginther* hearing that he performed no investigation into defendant's prior felony-firearm conviction, assuming that it was an adult conviction based "on the CCH." Nevertheless, for the reasons previously discussed, there is no indication that further investigation would have altered defendant's understanding of the prison time that he would face following a felony-firearm conviction given the trial court's crediting of defense counsel's unequivocal testimony that he informed defendant that he would serve a mandatory five-year sentence if he were convicted of felony-firearm.

Notably, defendant replied, "Yeah, I went to trial because I felt I wasn't guilty, yes," after the trial court said the following: "In this letter, you state: 'When I'm guilty, plead the case and when I try to fight for my freedom.' So does that mean that - - I mean, take that to mean you went trial because you felt you weren't guilty." Defendant similarly asserted his innocence during trial, testifying that he asked the police to "swab" his hands after the alleged shooting because he was "being falsely accused of something." Defendant's recurring assertions of innocence are consistent with defense counsel's testimony that defendant "categorically reject[ed]" the prosecution's offered plea agreement before trial.

Furthermore, defendant testified equivocally at the *Ginther* hearing when asked whether he would have accepted the prosecution's plea offer if defense counsel had provided accurate advice regarding the mandatory five-year sentence, and he provided alternative reasons for rejecting the plea agreement, some of which were consistent with defense counsel's testimony. According to defense counsel, defendant "wanted to go to trial, and I agreed with him." Defense counsel explained that defendant had a reasonable chance of acquittal given the fact that the prosecution had no physical evidence against defendant, and the trial court judge was "a very fair judge." Similarly, defendant testified that he and defense counsel "both [were] feeling that [defendant] can win at trial . . . ." But defendant also provided contrary testimony, stating that "[n]ine times out ten, I probably would have took the [plea]," but he decided not to accept the plea offer because defense counsel told him that "actually it wasn't a deal" based on the potential sentences that he faced upon conviction. Additionally, he testified that he would have taken the plea offer with accurate information, even though he believed that he was innocent of the charges and did not have a gun on the night of the incident, because he "wouldn't have gambled on it." Defendant acknowledged that he would have lied to the trial court so he could enter a guilty plea in order to "get the time[.]"[5] Considered as a whole, this testimony raises significant doubt that defendant rejected the plea solely based on defense counsel's purported advice regarding the mandatory sentence that defendant could face for a felony-firearm conviction.

Further, while defendant testified that defense counsel never told him that he could receive a five-year sentence for a felony-firearm conviction, he expressly acknowledged that "[t]he judge said it" during his arraignment. He also confirmed at the *Ginther* hearing that he understood the trial court's statements about a possible five-year sentence for a felony-firearm conviction, but disregarded those statements because he believed that the paperwork on which the trial court was relying was incorrect. While defendant testified at the *Ginther* hearing that he still "had questions" during his arraignment, he failed to raise those questions at that time, reasoning that his questions were not for the court.

In light of this evidence, even if we assume, arguendo, that defense counsel's advice was deficient, defendant has failed to establish that he was prejudiced by defense counsel's performance. Defendant's ambivalent testimony does not provide a basis for concluding that

---

[5] Interestingly, defendant testified that he told defense counsel that he did not have a gun on him during the incident, yet, according to defendant, defense counsel never mentioned the possibility of entering a no contest plea rather than a guilty plea.

there is a reasonable probability that he would have accepted the plea offer if defense counsel had informed him that he was subject to a mandatory five-year sentence if he was convicted of felony-firearm at trial. See *Douglas*, 496 Mich at 592; see also *id*. at 595-599 (concluding that the trial court properly found that the defendant failed to establish the requisite prejudice to support an ineffective assistance of counsel claim when he (1) provided confusing testimony at the *Ginther* hearing regarding the circumstances, if any, under which he would have accepted the prosecution's plea offer and (2) maintained that he was innocent throughout the proceedings).

### III. CONCLUSION

Defendant is not entitled to reinstatement of the prosecution's plea offer, as he has failed to establish that he received ineffective assistance of counsel.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle